```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

_____
                                      )
UNITED STATES OF AMERICA,             )
                                      )
       Respondent,                    )
                                      )   Criminal No. 03-10117-PBS
       v.                             )   (Civil No. 08-10376-PBS)
                                      )
JESUS NORBERTO ARTEAGA-GOMEZ,         )
                                      )
       a/k/a CARLOS RUA               )
       Defendant/Petitioner.          )
_____)

**MEMORANDUM AND ORDER**

October 7, 2009

Saris, U.S.D.J.

## I.   INTRODUCTION

Carlos Rua (true name Jesus Norberto Arteaga-Gomez), filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his prison sentence of 120 months based on several claims including ineffective assistance of counsel at sentencing. After a review of the record, the motion is **DENIED**.

## II.   BACKGROUND

On April 16, 2003, an indictment was returned charging Petitioner with one count of conspiring to distribute cocaine and ten counts of distributing cocaine. On October 22, 2003, the United States Attorney filed an information notifying Rua that the charged offenses involved more than 500 grams of cocaine, and alleging that he was previously convicted of a felony drug offense. On June 25, 2004, following a five-day trial, the jury

returned a guilty verdict on all counts.

Petitioner's Pre-Sentencing Report ("PSR") indicated that the offense involved 533.48 grams of cocaine attributed to sales to undercover law enforcement, as well as 85.2 grams recovered during the execution of a search warrant at Rua's apartment, for a total of 618.68 grams.  The PSR further stated that in 1991 Rua had been convicted of trafficking cocaine and sentenced to 108-120 months.  At sentencing on October 12, 2004, the government corrected the amount attributable to the undercover sales, reducing the total by four grams, from 533.48 to 529.48 grams.  This Court then found, by a preponderance of the evidence, that the conspiracy offense involved at least 529.48 grams of cocaine.  As this exceeded 500 grams, the Court imposed the mandatory minimum term of imprisonment of 120 months.  Petitioner appealed, and the First Circuit affirmed in an unpublished mandate.  United States v. Arteaga-Gomez, No. 04-2405 (1st Cir. Nov. 8, 2006).  On March 26, 2007, the Supreme Court denied Rua's petition for certiorari.

On February 10, 2008, Rua filed this timely motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing that: (1) the Court erred in imposing the 120-month mandatory minimum sentence because the triggering amount of cocaine, 500 grams, was not charged in the indictment, proven at trial, or admitted by Rua; (2) Petitioner should have received a

sentence similar to his co-defendants of approximately forty months; and (3) the criteria used in sentencing have been "invalidated" and the new range should be 57-71 months rather than 120 months.  As his April 21, 2008, Motion for Reduction/Modification of his sentence under 18 U.S.C. § 3582 seems to clarify, Petitioner bases this argument on U.S. Sentencing Guidelines Manual, App. C, Amendment 484, claiming that the drug weight found by the Court inappropriately included packaging material.  Most recently, in his traverse, Petitioner claims that his lawyer's failure to raise the issue of Amendment 484 at sentencing constituted ineffective assistance of counsel.

### III.  DISCUSSION

28 U.S.C. § 2255 "provides for post-conviction relief in four instances, namely, if the petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (citing Hill v. United States, 368 U.S. 424, 426-27 (1962)).  The petitioner bears the burden of establishing the need for § 2255 relief, as well as that of showing the need for an evidentiary hearing.  See Barrett v. United States, 965 F.2d 1184, 1186 (1st Cir. 1992).

A claim for § 2255 relief not raised at trial or on direct

appeal is procedurally defaulted, absent a showing of cause and actual prejudice.  <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1998).  In order "to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains."  <u>United States v. Frady</u>, 456 U.S. 152, 167-68 (1982).

### A. **Proof of Drug Amount**

Petitioner objects to the quantity of cocaine attributed to him because it was not alleged in the indictment, proven at trial, or admitted by him.  At sentencing, the Court found Rua responsible by a preponderance of the evidence for 529.48 grams of cocaine, more than the 500-gram threshold quantity for the mandatory minimum sentence of 120 months.  Rua claims that only 429.51 grams of cocaine was proven at trial, and that this lower weight would have subjected him to only a sixty-month sentence.

This argument was rejected by the First Circuit in Rua's direct appeal.  In an unpublished mandate, the First Circuit held:

> Appellant asks us to overrule <u>United States v. Goodine</u>, 326 F.3d 26 (1st Cir. 2003), which held that "drug quantity in [21 U.S.C.] § 841(b) is a sentencing factor, not an element of separate crimes." Id. at 27. His arguments are foreclosed by <u>United States v. Malouf</u>, __ F.3d __, 2006 WL 2924940 (1st Cir. Oct. 13, 2006), and <u>United States v. Lizardo</u>, 445 F.3d 73 (1st Cir. 2006). Accordingly, the judgment of the district

court is affirmed. Arteaga-Gomez, slip op. at 1. "[I]ssues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1994) (quoting Dirring v. United States, 370 F.2d 862, 864 (1st Cir. 1967)). Rua's claim thus fails as it was previously raised and rejected on direct appeal.

### B. Comparison to Co-Defendants' Sentences

Rua's next claim for relief is that his sentence of 120 months exceeds the sentences of his co-defendants, who each received approximately forty-month sentences. However, Petitioner received the statutory mandatory minimum sentence for his offense level and criminal history category. Thus, the Court lacked the discretion for a downward departure.

### C. Reduction of Sentence Under 18 U.S.C. § 3582(c)(2)

Rua next seeks a reduction of his sentence under 18 U.S.C. § 3582(c)(2), which permits a court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2).

Rua contends that relief is available to him based on Amendment 484 of the Sentencing Commission, effective November 1, 1993, which amended Note 1 of the commentary to § 2D1.1 of the

Sentencing Guidelines.  See U.S. Sentencing Guidelines Manual, App. C, Amendment 484.  Amendment 484 explains that the amount of the "mixture or substance" used for calculating an offense level "does not include materials that must be separated from the controlled substance before the controlled substance can be used."  Id.; see also id. § 2D1.1 cmt. n.1.

Rua claims that, in imposing his sentence, this Court did not subtract the weight of the packaging material from the total weight of the controlled substance distributed by the Petitioner, as required by the amendment.  Petitioner argues, without offering evidence or support, that the Court's finding of 529.48 grams was erroneous because it included the weight of the plastic bags in which the drugs were found.  Rua contends that each bag weighed 1.5 grams.  As there were twenty purchases or sales involved, Rua claims that the Court's calculation was 30 grams too high (1.5 grams x 20 bags = 30 grams), and therefore the correct total was actually 499.48 grams.  However, relief is not available to Petitioner under 18 U.S.C. § 3582(c)(2) because Amendment 484 was already in effect when Rua was sentenced in October 2004.

Construed as a motion for relief pursuant to § 2255, Petitioner's claim fares no better.  Rua neglected to raise this claim at sentencing or on appeal.  As such, it is procedurally defaulted and cannot be raised in a § 2255 petition absent a

showing of cause and actual prejudice.  Bousley, 523 U.S. at 622.

Rua cannot show actual prejudice.  Even if Rua were correct, and the amount involved in the undercover sales was indeed 499.48 grams, the PSR points out that 85.2 grams of cocaine was recovered from Rua's apartment.  Were Rua correct, this additional sum would have been taken into account in tabulating the total amount of cocaine.  See United States v. Lombard, 72 F.3d 170, 176 (1st Cir. 1995) (holding that a court may consider relevant conduct of a defendant proven by a preponderance of the evidence for purposes of sentencing, even if the conduct was not charged).  The Court would have thus found an amount of cocaine in excess of 500 grams and imposed the same 120-month mandatory minimum sentence.  Petitioner therefore cannot show any actual prejudice.

### D. Ineffective Assistance of Counsel

Finally, Rua alleges that he received ineffective assistance of counsel because his lawyer failed to raise the issue of Amendment 484 at sentencing.

To succeed on an ineffective assistance claim, Petitioner must establish that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." United States v. De La Cruz, 514 F.3d 121, 140 (1st Cir. 2008)

(citing Strickland v. Washington, 466 U.S. 668, 688, 694, (1984)).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland, 466 U.S. at 694.

Rua bases his claim of ineffective assistance of counsel on the grounds discussed above, namely that, both during sentencing and on direct appeal, his counsel failed to request application of Amendment 484 and argue that the total drug weight was inflated based on the inclusion of packaging materials.  Had counsel raised this issue, Rua contends that the Court would have based his sentence on 499.48 grams, resulting in a sentence of sixty months rather than 120 months.

Rua cannot satisfy the second prong of the Strickland test, that a reasonable probability exists that, "but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id.  For the reasons discussed above, counsel's advancement of the Amendment 484 issue would not have resulted in a finding of less than 500 grams of cocaine, and Rua would have been sentenced to the mandatory minimum of 120 months regardless.  Since the results of the proceeding would not have differed even if Rua's counsel had pressed the Amendment 484 issue before the Court, Rua suffered no prejudice.

**ORDER**

Petitioner's motion under 28 U.S.C. § 2255 to vacate, set

-9-

aside, or correct his prison sentence of 120 months [Docket No. 98] is **DENIED**.

                                        **S/PATTI B. SARIS**
                                        United States District Judge